IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EARL MITCHELL, JR., | ) | CASE NO. 4:09CV3174 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, Director Nebraska Dept. of Correctional Services, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has claimed that Respondent is forcing him to serve 47 days on a 45-day sanction, which results in Petitioner being held two days past his release date. According to Petitioner, his scheduled release date is September 4, 2009, but Respondent intends to hold him until September 6, 2009. (*Id.* at CM/ECF pp. 6-7.)

From the face of the Petition, it appears that Petitioner's claim is now moot. That is, if Petitioner was released on September 6, 2009, he is no longer in custody and presumably there is no longer a case or controversy under Article III, § 2, of the United States Constitution. Further, Petitioner has not alleged in his Petition that he will suffer some continuing injury once he is released from custody. See *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (Holding that once a sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained").

Under Article III of the United States Constitution, federal courts may only adjudicate actual cases and controversies. *DaimlerChryser Corp. v. Cuno*, 547 U.S. 332, 342 (2006). The court cannot determine whether a case and controversy exists based on the record before it. Thus, the court will permit the parties to file briefs in accordance with the progression order below on the issue of the Article III case or controversy requirement, including whether Petitioner's release from custody renders his claim moot.

IT IS THEREFORE ORDERED that:

1. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondent and the Nebraska Attorney General by regular first-class mail;

2. By October 19, 2009, Respondent shall file a brief addressing the issues set forth in this Memorandum and Order, including whether Petitioner's release from custody renders his claim moot. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 19, 2009: deadline for Respondent to file brief; and

3. No later than 20 days after the filing of Respondent's brief, Petitioner shall file a response brief addressing the issues set forth in this Memorandum and Order, including whether Petitioner's release from custody renders his claim moot. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 9, 2009: deadline for Petitioner to file response brief.

DATED this 29th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.